STATE OF NEW YORK, Respondent, *v.* MATTHEW DE GROOT et al., Appellants.

Third Department, November 12, 1970.

*Jaeckle, Fleischmann, Kelly, Swart & Augspurger* (*David Fielding* of counsel), for Matthew De Groot, appellant.

*Louis J. Lefkowitz, Attorney-General* (*Kenneth E. Page* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court, Special Term, entered October 7, 1969 in Albany County, which denied defendant De Groot's motion for discovery and inspection.

Respondent sued appellant, a contractor, for $68,161.98 for excess charges, delay and improper completion of a construction contract as a result of appellant's alleged failure to properly construct a bridge and approaches in St. Lawrence County.

Appellant moves pursuant to CPLR 3102 (subd. [f]) and CPLR 3120 (subd. [a]) for an order permitting inspection, photographing and copying of " all intra-indepartmental correspondence, memoranda, reports and surveys of the Department of Transportation," etc. and " any log books or diaries " relating to several dozen items affecting the construction project.

Respondent neither submitted affidavits or other papers in opposition nor requested any type of protective order. Although Special Term, initially, by oral memorandum, granted the order, opposing counsel were unable to agree upon the refinement and particularization of the items to be produced. Special Term then denied the motion noting that " the orderly process of eliminating unnecessary and irrelevant documents almost demands * * * that an oral examination * * * be held " prior to the granting of discovery and inspection.

CPLR 3120 provides for discovery and inspection of any " specifically designated " document or anything within the party's control or possession if specified with " reasonable particularity " in the notice to produce. The notice setting forth demand for discovery must be sufficiently particular in its terms as to permit ready identification by the adverse party and to prevent an " unreasonable rummaging through books and records " of the opposing party (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.17).

Our courts possess broad discretion to decide whether information sought is " material and necessary ", but that discretion

is not unlimited. Speaking for the Court of Appeals, Chief Judge FULD has stated that the test is one of "usefulness and reason" and cited with approval the language in *Matter of Comstock* (21 A D 2d 843) that if the material is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered material (*Allen* v. *Crowell-Collier Pub. Co.,* 21 N Y 2d 403).

We have often noted the trend toward a liberal application of the statutory provisions for pretrial discovery and inspection in an effort to advance the desired objective of a fair and open trial. The parties should not need to go blindly into a trial without knowledge of what the evidence may develop. (*Sacks* v. *Greyhound Corp.,* 18 A D 2d 747; *Reiss* v. *Kirkman & Son,* 242 App. Div. 77.)

Appellant's defense is based principally upon the contention that all of the damages were caused by the State through its neglect in planning and executing the project.

In *Allen* (*supra,* p. 407) the court stated: "Although there may seem to be a little more immediacy and substantiality to the word 'material' than to 'relevant'—the term contained in the more liberal Federal statute [citations omitted]—we believe that a broad interpretation of the words 'material and necessary' is proper. In this connection, we note, the word 'necessary', even under the former section 288 of the Civil Practice Act, was held to mean 'needful' and not indispensable." (See, also, *Bennett* v. *Troy Record Co.,* 25 A D 2d 799 [3d Dept., 1966].)

Appellant's affidavit adequately demonstrates the materiality of the documents sought. While appellant does not and obviously cannot specify each document, the State should have no difficulty in finding the desired documents. In this regard, it should be noted that after discovery proceedings begin, the State may at any time move for a protective order if so advised (CPLR 3103). While the scope of pretrial disclosure is within the sound discretion of the trial court, which we are loath to disturb (*Matter of Head* v. *State of New York,* 32 A D 2d 999) under the facts of this case, we are constrained to reverse. In our view, remarks made on oral argument suggest that respondent made no effort to comply with the trial court's order to sit down with the appellant and "refine and particularize the items to be discovered and inspected". Similarly, we frown on respondent's omission to file affidavits in opposition, or to apply to the court for a protective order under CPLR 3103.

The order should be reversed, on the law and the facts, with costs, and motion granted without prejudice to a motion by the State, if so advised, for a protective order.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Order reversed, on the law and the facts, with costs, and motion granted without prejudice to a motion by the State, if so advised, for a protective order.