■ LEONARD ROOF, as Administrator of the Estate of WILLIAM KEHOE, Deceased, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents.—Order, Supreme Court, Bronx County, entered January 26, 1977, granting defendants' motion for a protective order striking the notice of discovery and inspection is unanimously affirmed, without costs and without disbursements, and without prejudice to a motion to depose a more knowledgeable employee or to service of a more precise notice of discovery and inspection. In this action to recover damages for wrongful death and conscious pain and suffering arising from an accident which occurred when plaintiff's intestate was struck by one of defendants' trains on the tracks of one of defendants' stations in Jersey City, New Jersey, plaintiff sought discovery and inspection. Plaintiff's motion called for *all* maps, plans, blueprints, surveys, photographs or other documents depicting the construction format, layout, diagrams, etc., for such items as tracks, stairs, platforms and lighting fixtures. The court at Special Term, in striking this overbroad demand, encompassing as it does the entire railroad station, opined that the pending examination of the motorman, along with the previous examination of the train conductor, should be sufficient to satisfy the plaintiff. Plaintiff argues that the depositions were not informative inasmuch as he sought specific information pertaining to grade, contour, description, distances and other physical characteristics of the tracks and tunnel approaching the station. Although we agree that the facts plaintiff seeks to discover are germane to the action, the striking of his notice was proper due to its "blunderbuss" effect. (See *City of New York v Friedberg & Assoc.*, 62 AD2d 407). *Rios v Donovan* (21 AD2d 409, 413) held that documents be identified with reasonable particularity in the notice. Proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are relevant documents, then service of a notice to discover specifically identified documents follows. After deposing a knowledgeable employee of defendant's technical or engineering staff, plaintiff will then be able to serve the requisite notice for discovery and inspection of documents identified with the appropriate specificity. Concur—Kupferman, J. P., Evans, Sandler, Lane and Markewich, JJ.