■ PATRICIA A. BORDEN, Appellant, v ELLIS HOSPITAL et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 5, 1978 in Schenectady County, which directed that plaintiff submit to a physical examination by a physician retained on behalf of defendants Ellis Hospital and Navin S. Pardanani, M.D. On September 20, 1971, plaintiff was admitted to defendant Ellis Hospital for the delivery of a child. Two days later, on September 22, 1971, she allegedly sustained personal injuries when defendant Pardanani performed a tubal ligation upon her body under the supervision of defendant McGrane. The present action for personal injuries resulted, and the sole question presented for our determination is whether or not Special Term erred in directing that plaintiff submit to a physical examination by a physician retained on behalf of defendants Ellis Hospital and Navin Pardanani. We hold that the order appealed from should be affirmed. It is well settled that the scope and supervision of disclosure are matters within the sound discretion of the court (*Wahrhaftig v Space Design Group*, 33 AD2d 953; *Matter of Head v State of New York*, 32 AD2d 999), and in her brief plaintiff concedes that there is authority for the proposition that each codefendant is entitled to conduct a separate physical examination of plaintiff. Upon the instant record there is nothing which indicates that the court abused its discretion in this regard, and plaintiff's contention that defendants Ellis Hospital and Pardanani waived their right to a separate physical examination is without merit. Clearly, the two letters in the record from a senior claims representative of the insurer of defendant McGrane do not constitute a waiver of any

rights of the other defendants. Order affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.