■ JOHN O. JACKSON et al., Appellants, v JAMES W. NELSON, Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term, entered June 10, 1980 in Saratoga County, which granted defendant Nelson's motion to compel disclosure. Plaintiffs commenced this action for damages based on theories of medical malpractice, products liability, breach of contract and breach of warranty. Defendant Nelson moved for an order requiring plaintiffs to produce any and all X rays taken of plaintiff John Jackson relating to his condition as set forth in the complaint or verified bill of particulars. Plaintiffs did not object to the production of the X rays but did oppose the reading of the X rays by anyone other than the orthopedist employed by defendants to examine plaintiff John Jackson. Special Term granted defendant's motion without placing limitations on access to the X rays and directed that they be delivered to the attorneys for defendant Nelson who were to furnish a receipt therefor and assume full responsibility

for their return. This appeal ensued. CPLR 3101 (subd [a]) required "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". CPLR 3120 (subd [a], par 1, cl [i]) permits a party seeking discovery to inspect, copy, test or photograph documents or any things which are discoverable pursuant to CPLR 3101. Plaintiffs recognize the liberal interpretation accorded CPLR article 31 (Calhoun v Pickett, 77 AD2d 776, mot for lv to app granted 78 AD2d 717) and do not object to production of the X rays. They do object, however, to unlimited access to the X rays, expressing concern that defendant Nelson would secure the services of several physicians to examine and interpret the X rays thus "loading" the defense with several expert witnesses. They also express concern that the X rays may be damaged or lost. It is to be noted that the scope and supervision of disclosure are matters within the sound discretion of the trial court (Borden v Ellis Hosp., 67 AD2d 1038; State of New York v De Groot, 35 AD2d 240). We are of the view that plaintiffs are unduly apprehensive that the X rays will be lost or damaged or that defendants intend to have several X-ray examinations. We are dealing with experienced attorneys and assume reasonable care will be taken and normal procedures followed. Defendants are entitled to have a specialist of their choice examine the various X rays. Consequently, the order should be affirmed. Order affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.