■ TIMOTHY MITCHELL, Individually and as Parent and Natural Guardian of MICHAEL MITCHELL, an Infant, Appellant-Respondent, v JAMES R. WIMET et al., Respondents, and ROCKWELL MANUFACTURING CO., INC., Respondent-Appellant. (And Other Related Actions.) — Cross appeals from an order of the Supreme Court at Special Term (Dier, J.), entered December 2, 1980 in Saratoga County, which (1) denied plaintiff's motion for leave to serve an amended complaint, and (2) denied defendant and third-party plaintiff Rockwell Manufacturing Company, Inc.'s cross motion for discovery. On July 15, 1975 the infant plaintiff had his left arm traumatically amputated by a circular saw. An action was commenced in May, 1977. After issue was joined, a note of issue and statement of readiness was filed and the case appeared on the Saratoga County Suprme Court Calendar in October, 1980. In November, 1980 the plaintiffs moved to serve an amended complaint increasing the *ad damnum* clause from $1,000,000 in the infant's action and $500,000 in the derivative action to the sums of $3,000,000 and $1,000,000, respectively (CPLR 3025, subd [b]). The motion was denied as was a cross motion for discovery made by defendant and third-party plaintiff Rockwell Manufacturing Co., Inc. These appeals ensued. The only reason set forth in the attorney's affidavit in support of plaintiffs' motion is that dramatic increases in jury

verdicts in the intervening four years since the commencement of the action suggest that a verdict in this case could exceed the amounts demanded in the complaint. We have held that where, as here, an attorney's affidavit merely reiterates the injuries listed in the initial complaint and contains no new information except for a recital that negligence verdicts are rising as a result of inflation, the relief must be denied (see *De Carlo v Economy Baler Div. of Amer. Hoist & Derrick Co.*, 57 AD2d 1002). We do not perceive it to be a judicial function to index *ad damnum* clauses to the rate of inflation. Next, we hold that Special Term's denial of Rockwell's cross motion for discovery and inspection was not an improvident exercise of discretion. The note of issue and statement of readiness was filed on October 31, 1979 and no motion has been made to strike that instrument. While the guidelines for discovery set forth in CPLR 3101 (subd [a]) are to be construed liberally with regard to what is "material and necessary" *(Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403), the substitution of attorneys on the eve of trial by the cross movant is not such an exceptional circumstance that delay of trial is warranted to permit further discovery. This is particularly true, where, as here, all of the parties have been deposed and experts' reports exchanged. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.