■ PETER C. TORPEY, Respondent, v ALPINE BROOK TRIANGLE CORP. et al., Appellants. (And Another Action.) — Order, Supreme Court, New York County (Greenfield, J.), entered on May 6, 1981, which modified a notice for discovery and inspection and directed defendants to comply with the notice as modified, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and motion for protective order granted, without prejudice to the service of a more precise notice of discovery and inspection and the conduct of any examinations before trial necessary to the formulation of such notice. This is an action for negligence resulting in personal injuries to plaintiff, a mechanic employed at the World Trade Center, who fell 25 feet through an access door. Plaintiff deposed two employees who had insufficient knowledge as to necessary documents. It then served its notice in the most general and all-encompassing terms demanding *all* documents pertaining to various points, without specification. Appellant moved for a protective order and Special Term modified by limiting the notice to the area where the accident occurred, while, however, leaving the demands as to that area still far too broad and still requiring *all* documents, without specification. The right to discover and inspect such documents as may be properly required in this case pursuant to CPLR 3101 and 3120, cannot be intelligently adjudicated without sufficient identification of pertinent documents in the possession and control of the adverse party. Proper procedure may necessitate further examinations before trial to properly identify such documents, which must be specified with reasonable particularity to prevent the service of conventionalized "blunderbuss" notices and to help reduce "fishing expeditions" (see *Rios v Donovan,* 21 AD2d 409; *Roof v Port Auth. of N. Y. & N. J.,* 67 AD2d 849; *City of New York*

v Friedberg & Assoc., 62 AD2d 407; *Ehrlich v Ehrlich,* 74 AD2d 519). Concur — Sullivan, J. P., Carro, Markewich, Lupiano and Bloom, JJ.