■ RALPH RAMETTI et al., Respondents, v JOSEPH JUDGE et al., Appellants, et al., Defendant. — In a medical malpractice action, defendants Joseph Judge and Bernard Ryan appeal from an order of the Supreme Court, Suffolk County (Wager, J.), dated July 7, 1980, which granted plaintiffs' motion for a protective order vacating their notice for discovery and inspection. Order modified by adding thereto the following: "Similarly, preliminary discovery devices should be employed to identify the course of conduct which forms the basis of this action. Defendants Judge and Ryan would then be entitled to the names and addresses of witnesses to specifically identified acts." As so modified, order

affirmed, without costs or disbursements. The papers and pleadings submitted at this stage of the litigation do not specifically describe the malpractice allegedly committed by appellants. The latter are therefore not entitled to discover all medical records of plaintiff Ralph Rametti for a period of two years prior, and three years subsequent, to the "course of conduct" from which this action arises. Appellants are similarly not entitled to the names and addresses of all medical personnel who treated Mr. Rametti during that same time frame without showing a relevant connection between such information and the instant litigation. They will be allowed discovery of witnesses to the occurrence only when the acts comprising such occurrence have been clearly described. Appellants should clarify the issues for trial before serving a proper and more narrowly drawn notice for discovery and inspection in the future. (Cf. *Ciembroniewicz v Madigan Mem. Hosp.,* 72 AD2d 653.) Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.