■ DOROTHY CONWAY, Individually and as Administratrix of the Estate of THOMAS CONWAY, Deceased, Respondent, v BAYLEY SETON HOSPITAL, Appellant. — In an action to recover damages for personal injuries and wrongful death, etc., the defendant appeals from so much of an order of the Supreme Court, Richmond County (Felig, J.), dated March 30, 1984, as, upon its motion for a protective order against certain portions of plaintiff's notice of discovery, granted the same as to item No. 3 of plaintiff's notice only to the extent of directing it to produce for inspection, examination and copying "the personnel records, employment applications, curriculum vitae forms of and concerning each intern, resident, nurse and attending physician who attended to and treated the patient at defendant hospital who allegedly assaulted plaintiff's intestate".

Order reversed, insofar as appealed from, with costs, and that portion of defendant's motion for a protective order as to item No. 3 of plaintiff's notice of discovery is granted in its entirety and item No. 3 of the notice is stricken, without prejudice to a new notice of discovery, properly limited in accordance herewith, concerning personnel records kept by defendant.

This action to recover damages for personal injuries and wrongful death, etc., predicated upon theories of medical malpractice and negligence, was instituted on January 3, 1984, issue being joined by service of an answer accompanied by a demand for a bill of particulars on January 31, 1984. The complaint alleges that plaintiff's decedent, Thomas Conway, was assaulted on June 3, 1982 by a fellow patient named Goldberg while an inpatient at the defendant Bayley Seton Hospital, that Thomas Conway died on September 23, 1982 as a result of the injuries he sustained during the incident, and that defendant hospital knew of the patient Goldberg's "vicious propensities" yet failed to protect Thomas Conway. The action is in the infancy of its litigation, no response to the demand for a bill of particulars having been served and no depositions having been conducted.

By demand, received by defendant on February 22, 1984, plaintiff sought discovery and inspection of a number of documents, including, under item No. 3, the following: "Personnel records, employment applications, curriculum vitae forms of and concerning each intern, resident, nurse and attending physician who attended to or treated the plaintiff's intestate at the defendant hospital".

It may be observed that the demanded "curriculum vitae forms" and "employment applications" are but subspecies of the demanded personnel records. By way of a response, defendant hospital moved for a protective order vacating, *inter alia,* the demand as to item No. 3. Special Term "granted" defendant's motion for a protective order as to item No. 3. However, adopting the language in that item, Special Term modified the latter portion of the demand by substituting for the requested records of employees who attended to or treated plaintiff's intestate, the records of employees who attended to or treated the patient who allegedly assaulted plaintiff's intestate and directed discovery and inspection thereof. We reverse.

CPLR 3101 (subd [a]) provides for the full disclosure of all evidence which is material and necessary in the prosecution or defense of an action. The statute has been construed to require the disclosure of "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). While the scope and supervision of disclosure is generally a matter within the sound discretion of the court in which the action is pending (*Jackson v Nelson,* 81 AD2d 677, 678; *Borden v Ellis Hosp.,* 67 AD2d 1038), such discretion is not, however, unlimited (*Allen v Crowell-Collier Pub. Co., supra;* see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.22; Durst, Fuchsberg & Kleiner, Modern NY Discovery, § 17:3).

Certain nonmedical portions of the hospital record of a nonparty patient may be discoverable by a plaintiff in a particular action (see *Moore v St. John's Episcopal Hosp.,* 89 AD2d 618). However, the method of discovery directed here, namely, the discovery and inspection of personnel records pertaining to a group of hospital employees, which is neither limited in terms of the time period covered, nor the degree of contact with the nonparty patient and whose connection with that individual may prove tenuous at best, can hardly be characterized as reasonably calculated to obtain relevant information material and necessary to the prosecution of plaintiff's action (see *Herscovit v County of Nassau,* 89 AD2d 598; *Rametti v Judge,* 87 AD2d 814). The portion of the order appealed from which is under review is overly broad in that it fails to specify the documents to be disclosed with reasonable particularity (see *Rios v Donovan,* 21 AD2d 409) and constitutes a classic example of the "blunderbuss" effect (see *Rios v Donovan, supra,* p 413; *Roof v Port Auth.,* 67 AD2d 849) inasmuch as "personnel records" could be read to include a myriad of irrelevant items such

as salary and vacation schedules, employee medical records, requests for changes in duty rosters and assignments. Further, defendant should not be required to shoulder the burden of establishing privilege (see Education Law, § 6527, subd 3) "until the requested documents have been 'specifically designated'" (*Allsbrooks v McCrory's, Inc.,* 82 AD2d 872, quoting CPLR 3120, subd [a], par 1, cl [i]).

Accordingly, in view of the unduly burdensome nature of item No. 3 of plaintiff's notice, even as modified by Special Term, the remedy is vacatur of the entire item demanded (see *Carroad v Regensburg,* 17 AD2d 734; cf. *Kiefer v Mather Mem. Hosp.,* 93 AD2d 856), without prejudice to a new notice of discovery, properly limited in accordance herewith, concerning personnel records kept by defendant. Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.