■ PLATTSBURGH DISTRIBUTING COMPANY, INC., Respondent, v HUDSON VALLEY WINE COMPANY, Appellant. — Harvey, J. Appeals (1) from an order of the Supreme Court at Special Term

(Crangle, J.), entered July 27, 1984 in Clinton County, which conditionally denied defendant's motion to, *inter alia,* strike plaintiff's note of issue, and (2) from an order of said court (Dier, J.), entered September 24, 1984 in Clinton County, which, *inter alia,* granted plaintiff's motion for leave to serve an amended complaint.

Plaintiff, a beer and wine distributor, commenced the instant action seeking rescission of a contract and money damages after it discovered that wine purchased from defendant was not of the quality represented by defendant. The action was commenced by service of a summons with notice pursuant to CPLR 305 (b). The summons noted that the nature of the action was to recover money damages for breach of contract. The original complaint was served on December 3, 1982 and, in June 1984, plaintiff filed a note of issue and certificate of readiness. Thereafter, defendant moved to strike the note of issue and for an order of preclusion asserting plaintiff's failure to comply with demands for discovery.

Special Term conditionally denied defendant's motion and granted defendant permission to promptly obtain wine samples from plaintiff. Plaintiff subsequently moved to amend its complaint by adding a cause of action for breach of contract. Defendant opposed the motion and cross-moved seeking reconsideration of the denial of its prior motion to strike plaintiff's note of issue. Special Term granted plaintiff's motion to amend and ordered defendant to produce specified documentary evidence at an examination before trial which the court ordered *sua sponte.* Defendant appeals from both orders.

A party may amend its pleading at any time by permission of the court, and leave is to be freely given (CPLR 3025 [b]). The fact that plaintiff's motion to amend comes after it has filed a note of issue does not automatically require the application of a different rule (*Sheppard v Smith Well Drilling & Water Systems,* 102 AD2d 919; *Perkins v New York State Elec. & Gas Corp.,* 91 AD2d 1121). The most important consideration in deciding a motion for leave to amend a pleading is whether the grant of leave to amend will result in actual prejudice or surprise to the opponent (*Fahey v County of Ontario,* 44 NY2d 934). There can be no prejudice or surprise to defendant here, since it was apprised from the outset of the nature of the action and plaintiff's amended complaint involves the same transaction and set of facts.

We likewise reject defendant's assertion that Special Term erred by ordering an examination before trial and requiring defendant to supply certain evidence. The courts are charged

with facilitating the resolution of civil actions. To this end Special Term is vested with broad discretion to assure that adequate pretrial discovery has been accomplished (*Ivy Broadcasting Co. v First Nat. Bank & Trust Co.*, 96 AD2d 610; *Torian v Lewis*, 90 AD2d 600; *see*, CPLR 3101, 3104). Resolving the matter as it did, it was unnecessary for Special Term to address defendant's cross motion seeking reconsideration of the denial of its prior motion to vacate plaintiff's note of issue. Thus, there was no violation of the coordinate jurisdiction rule as defendant now urges (CPLR 2221).

Orders affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.