(December 31, 1986)

■ MEYER ACKERMAN et al., Respondents, v MICHAEL LANDES et al., Appellants.—In an action, *inter alia,* seeking specific performance of an oral joint-venture agreement, the defendants appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 15, 1986, which denied their motion pursuant to CPLR 3108 for the issuance of a commission to a notary public in order to depose an out-of-State nonparty witness.

Ordered that the order is affirmed, with costs.

While the CPLR authorizes liberal pretrial disclosure *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403), this court has recently emphasized that supervision of disclosure is generally a matter within the sound discretion of the court and that unlimited disclosure is not permitted *(see, Conway v Bayley Seton Hosp.,* 104 AD2d 1018).

At Special Term, the defendants' contention was that they were entitled to a second deposition of a witness, despite the fact that more than two years had elapsed since the initial deposition and the plaintiffs had moved for leave to file a note of issue. The deposition transcript reveals that although the defendants' then counsel was not present at the commencement of the initial deposition, he was not hindered in his questioning and all of his questions were answered by the witness. The defendants' counsel failed to object to the fact that the deposition had commenced in his absence, and he did not make any effort to keep the deposition open pending his review of the transcript. Since the defendants' counsel raised no objections at the taking of the deposition, the defendants' contentions on this appeal must be deemed waived under CPLR 3115 (b). The mere fact that the defendants hired a different law firm two years later fails to justify reopening the deposition *(see, Mitchell v Wimet,* 83 AD2d 658). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.