■ Boutique Fabrice, Inc., et al., Respondents, v Bergdorf Goodman, Inc., Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered October 3, 1986, which, insofar as appealed from, denied defendant's motion for a protective order and required the chairman and chief executive officer of defendant to appear for a deposition, is reversed, on the law, the facts, and in the exercise of discretion, with costs, and defendant's motion is granted.

This is an action for breach of contract brought by plaintiff David Betesh who deals in costume jewelry through his wholly owned corporation, also a plaintiff herein. The complaint alleges that defendant (Bergdorf), the well-known New York City specialty store, breached an agreement to sell plaintiffs' goods in a main floor boutique by a premature and unlawful termination. Bergdorf has asserted a counterclaim for the alleged breach by plaintiffs of their undertaking to share advertising expense.

There has been extensive discovery by the parties. Between August 1983 and June 1984, Bergdorf responded to two requests for production of documents and two sets of interrogatories. In January 1985 plaintiff deposed four Bergdorf employees connected with the venture in any capacity, namely: (1) the vice-president and merchandise manager; (2) the divisional merchandise manager of accessories and fine jewelry;

(3) the vice-president and director of visual displays; and (4) a window director. It is clear that these executives are the Bergdorf employees with complete personal knowledge pertaining to the facts and circumstances of plaintiffs' claim.

By the notice of deposition now before us dated August 1, 1986, plaintiffs sought to examine Ira Neimark, Bergdorf's chairman and chief executive officer. Plaintiffs have made no attempt to rebut the showing made in Mr. Neimark's affidavit in support of the relief sought that he had absolutely no connection whatever with the events germane to this lawsuit, nor do they contradict Mr. Neimark's statement that he never corresponded with or contacted plaintiffs in any manner. None of the four executives already examined by plaintiffs recalls even discussing this dispute with Mr. Neimark. Plaintiffs' dubious justification for this fifth deposition is a desire to interrogate Mr. Neimark with respect to the management hierarchy and structure of Bergdorf. This is a matter wholly irrelevant to any of the issues raised by the pleadings, since the record discloses no denial by Bergdorf of the authority of its appropriate executives to enter into the contractual arrangement with plaintiffs. Furthermore, were knowledge of this subject material or necessary to plaintiffs' trial preparation, inquiry could easily have been made from the four employee witnesses already examined, particularly the senior pair who were Bergdorf vice-presidents.

We are mindful of the broad mandate of CPLR 3101 (a) that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof" and that this provision has been liberally construed to require disclosure where the matter sought will " 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (Hoenig v Westphal, 52 NY2d 605, 608, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). We also recognize that the trial court is vested with broad discretion to regulate pretrial discovery (Plattsburgh Distrib. Co. v Hudson Val. Wine Co., 108 AD2d 1043). Such discretion is not, however, unlimited (Allen v Crowell-Collier Publ. Co., supra; Conway v Bayley Seton Hosp., 104 AD2d 1018, 1019; see, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.22). We find Special Term's denial of a protective order under the circumstances presented here to constitute an abuse of discretion. Even under the broad test for materiality of " 'usefulness and reason' " (Hoenig v Westphal, supra, at 608), this effort to obtain additional discovery falls short.

We note also that there has been a pattern of abuse by

plaintiffs of the discovery process in this case, which has required Special Term to grant three previous protective orders to Bergdorf. It is abundantly clear that this deposition of Mr. Neimark has been noticed, not for any legitimate discovery objective, but simply for harassment and vexation. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Smith, JJ.