■ VIRGINIA VAN EYCKEN, Respondent, v HAROLD J. VAN EYCKEN, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered October 27, 1978, and in which the plaintiff wife seeks entry of a money judgment for child support arrears and to modify the custody provisions of the parties' divorce judgment, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Fierro, J.), dated September 17, 1986, as denied his cross motion for a protective order.

Ordered that the order is modified, by deleting the provisions thereof which denied those branches of the defendant's cross motion which were for a protective order with respect to the plaintiff's demands for financial disclosure contained in the plaintiff's notice of discovery and inspection and interrogatories and substituting thereof provisions granting those branches of the motion to the extent of limiting disclosure to the past three years: 1985, 1986 and 1987; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the defendant's time to supply the information demanded in the notice for discovery and inspection and interrogatories, as amended by this court, which he has not already supplied, is extended until 90 days after service upon him of a copy of this decision and order, with notice of entry.

It is well settled that the determination as to the terms and provisions of discovery, and the prevention of abuse by protective orders pursuant to CPLR 3103 (a), rests in the sound discretion of the court to which the application has been made *(Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915; *Oppenheimer v Shubitowski,* 92 AD2d 1021, *appeal dismissed* 59 NY2d 970)*.* In determining whether to grant a motion for a protective order, courts are empowered to consider such factors as the conduct of the parties *(Capoccia v Brognano,* 132 AD2d 833, *appeal dismissed* 70 NY2d 952)*.* In view of the acrimonious nature of the parties' allegations and their apparent inability to cooperate, extensive disclosure requests were justified. The scope of the specified demands was nevertheless unduly onerous to the extent indicated. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.