■ SOL LAPIDUS, Appellant, v ABRAHAM HILTZIK et al., Respondents.—In an action, inter alia, for an accounting, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated January 13, 1989, as (1) granted that branch of the defendants' motion which was for partial summary judgment to the defendants on the issue of whether the plaintiff was a shareholder of the defendant corporation, and (2) granted the plaintiff's cross motion for discovery only to the extent of permitting the plaintiff to examine the corporate defendant's records for a six-month period preceding the transfer to the plaintiff of his uncle's stock in the defendant corporation and ending with the voluntary surrender of his uncle's stock certificate.

Ordered that the order is affirmed insofar as appealed from, with costs.

Jacob Lapidus, the uncle of the plaintiff Sol Lapidus, owned 50% in the defendant corporation, Gelbi Estates, Inc. (hereinafter Gelbi). In 1963, Gelbi loaned Jacob Lapidus $20,500 with the approval of its president, Abraham Hiltzik. In 1983, Jacob Lapidus, by his attorney, delivered his certificate for Gelbi stock to the plaintiff. The instrument was indorsed in blank.

The plaintiff delivered the instrument to Abraham Hiltzik. Hiltzik and Jacob Lapidus agreed that the return of the stock to Gelbi was in exchange for a release of Jacob Lapidus's debt.

The court correctly granted partial summary judgment to the defendants and held that Gelbi and Hiltzik were bona fide purchasers for value of the stock certificate and that, as a matter of law, the plaintiff was not a shareholder of Gelbi. "A 'bona fide purchaser' is a purchaser for value in good faith and without notice of any adverse claim * * * who takes delivery of a * * * security in bearer form or of one in registered form issued to him or indorsed to him or in blank" (UCC 8-302 [1] [a]). "Upon transfer of a security * * * the purchaser [section 8-313] acquires the rights in the security which his transferor had or had actual authority to convey" (UCC 8-301 [1]). When stock certificates are pledged without restriction, then the delivery of those certificates accompanied by stock powers indorsed in blank render the securities freely negotiable *(see, Matter of Legel, Braswell Govt. Sec. Corp.,* 648 F2d 321).

The plaintiff voluntarily delivered the stock certificate bearing his uncle's signature to the defendants. In any action on a security, "when signatures on a certificated security are admitted or established, production of such security entitles a holder to recover on it unless the [plaintiff] establishes a * * * defect going to the validity of the security" (UCC 8-105 [3] [c]). The plaintiff, however, has not demonstrated that the stock certificate is invalid.

Additionally, the plaintiff's assertion that the defendants are not bona fide purchasers is without merit. Although the plaintiff maintains that the defendants knew that he possessed the stock, there is nothing in the record indicating that the defendants were on notice that he sought to stake a claim in it. Moreover, the defendants' release of Jacob Lapidus's debt constituted consideration given in exchange for the return of the stock to the corporation. The record indicates that Gelbi did, in fact, loan between $18,000 and $20,500 to Jacob Lapidus. Although there is no conclusive evidence in the record that the plaintiff's delivery of the certificate to the defendants constituted consideration for the repayment of that debt, it should be presumed that the certificate was delivered in payment of the debt and not as a loan, as the plaintiff contends *(see,* Richardson, Evidence § 78, at 54 [Prince 10th ed]). There is nothing in the record indicating that the

defendants acted in bad faith in dealing with the plaintiff. Thus, the defendants were bona fide purchasers of the stock certificate *(see, Center v Hampton Affiliates,* 66 NY2d 782).

In addition to being bona fide purchasers, the defendants are also entitled to the stock certificate because the document was freely negotiable, since it had been indorsed in blank *(see, Matter of Legel, Braswell Govt. Sec. Corp., supra).* Once Jacob Lapidus signed his name to the certificate, that document became bearer paper and could be transferred to any holder. The plaintiff's delivery of the certificate to the defendants effected the relinquishment of his interest in the instrument, and he could not assert that his delivery of the certificate was meaningless, and made without an intention to transfer title.

Questions of fact exist as to what rights, if any, accrued to the plaintiff during the period in which he held the stock certificate. Although the court determined he owned the certificate during that period, any rights or benefits which accrued to him must be determined after discovery.

Further, the court properly limited the plaintiff's disclosure to a period beginning six months before he received the stock certificate from his uncle. Pursuant to CPLR 3101 (a), " '[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof' (CPLR 3101, subd [a]). [That] provision has been liberally construed to require disclosure where the matter sought will 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' " *(Hoenig v Westphal,* 52 NY2d 605, 608; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). A "trial court is vested with broad discretion to regulate pretrial discovery *(Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043)" *(Boutique Fabrice v Bergdorf Goodman,* 129 AD2d 529, 530). However, discovery is generally not permitted concerning matters which occurred prior to the transactions which are the subject of the action *(see, Weis v Coe,* 40 NYS2d 222). Under the circumstances of this case, the disclosure demanded by the plaintiff was unduly burdensome *(see, Van Eycken v Van Eycken,* 142 AD2d 576). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.