■ MONICA SANTARIGA, Individually and as Administratrix of the Estate of ALFRED J. SANTARIGA, Deceased, Respondent, v JOHN P. McCANN et al., Individually and Doing Business as LIFE EXTENSION INSTITUTE, Defendants, and CORPORATE HEALTH EXAMINERS, P. C., et al., Appellants.—Order, Supreme Court, New York County (Helen Freedman, J.), entered August 24, 1989, which, *inter alia,* directed defendants Corporate Health Examiners, P. C., American Corporate Health Assistance, Inc. and Life Extension, Inc. to provide plaintiff's counsel with certain portions of a nontestifying expert's report, unanimously modified, on the law, the facts and in the exercise of discretion, by striking that portion of the order which directed discovery of said report, and otherwise affirmed, without costs.

Plaintiff commenced the underlying medical malpractice action to recover damages for defendants' purported failure to diagnose the lung cancer which led to the death of plaintiff's decedent. During discovery, plaintiff provided defendants with the X rays taken of decedent in May of 1984 and April of 1985. These X rays were reviewed and analyzed by a radiologist retained by defendants. After defendants refused to turn

over the radiologist's report, plaintiff moved to compel disclosure. In the order appealed from, the Supreme Court, *inter alia,* directed defendants to "provide redacted versions of the expert's reports prepared to analyze decedent's X-rays, if such reports exist. These redacted versions shall include the substance of the expert's reports and not the expert's opinions."

"While the scope and supervision of disclosure is generally a matter within the sound discretion of the court in which the action is pending *(Jackson v Nelson,* 81 AD2d 677, 678; *Borden v Ellis Hosp.,* 67 AD2d 1038), such discretion is not * * * unlimited *(Allen v Crowell-Collier Pub. Co.* [21 NY2d 403]; see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.22; Durst, Fuchsberg & Kleiner, Modern NY Discovery, § 17:3)" *(Conway v Bayley Seton Hosp.,* 104 AD2d 1018, 1019). We find that it was an improvident exercise of discretion for the Supreme Court to have directed discovery of the nontestifying expert's report.

CPLR 3101 (d) (1) sets forth the scope of disclosure with regard to experts. That section provides that "(i) [u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" *(see, Breslauer v Dan,* 150 AD2d 324). Clause (iii) permits a court to order further disclosure of a report prepared by an expert expected to testify upon a showing of special circumstances *(Beauchamp v Riverbay Corp.,* 156 AD2d 172; *Rosario v General Motors Corp.,* 148 AD2d 108).

Clause (i) only applies to litigation experts retained to testify at trial (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.52a, at 31-214). "Accordingly, an expert who is retained as a consultant to assist in analyzing or preparing the case is beyond the scope of this provision; in fact, such experts are generally seen as an adjunct to the lawyer's strategic thought processes, thus qualifying for complete exemption from disclosure under [CPLR 3101] subdivision (c) [attorney's work product] and, now, the 'mental impressions * * *' exclusion of CPLR 3101 (d) (2) as well". *(Ibid.)*

Paragraph (2) of CPLR 3101 (d) permits the discovery of material prepared in anticipation of litigation or for trial only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is

unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Defendants aver that the radiologist was merely retained as a consultant to evaluate the validity of plaintiff's allegations and to assist in the preparation of a defense, and will not testify at trial. Plaintiff cannot, therefore, claim entitlement to the report based on CPLR 3101 (d) (1) (i) or (iii). Since the expert was neither a treating nor examining physician, 22 NYCRR 202.17 (b) is also unavailing. Moreover, the report was clearly prepared in anticipation of litigation and plaintiff has failed to demonstrate a substantial need or that she could not obtain the substantial equivalent of the report by other means (see, Renucci v Mercy Hosp., 124 AD2d 796). The original X rays upon which the expert based his report are in plaintiff's possession.

Accordingly, the report prepared by defendants' consultant is exempt from disclosure. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.