■ CHEMICAL BANK, Respondent-Appellant, v WILLIAM ISE-LIN & Co., INC., Appellant-Respondent, et al., Defendant.— Order, Supreme Court, New York County (Myriam J. Altman, J.), entered July 18, 1989, which granted plaintiff's motion to the extent of dismissing defendant's third affirmative defense pursuant to CPLR 3211 (b) and vacating defendant's deposition notice of plaintiff's attorney, and denied said motion to the extent it sought to vacate defendant's deposition notices of two nonparty bookkeepers, to suppress defendant's use of certain records, and to terminate all further discovery by defendant, unanimously affirmed, without costs.

In this action commenced in 1986, plaintiff alleges, *inter alia,* that defendant's 1981-1982 fraudulent misrepresentations induced it to enter into a factoring relationship with TJK Sportswear Inc., a corporation controlled by Irwin Feiner, in order to create a source of funds by which Feiner and other of his corporations could repay amounts owed to defendant. Defendant's third affirmative defense alleged that by entering into a January 1983 restructuring agreement with Feiner and TJK Sportswear Inc., to which defendant was not a party, plaintiff reaffirmed the factoring relationship with knowledge of the falsity of any representations defendant had made earlier and thus waived any right to damages from defendant. As the restructuring agreement merely provided for repayment of a preexisting debt, the defense bears no relationship to the reality of plaintiff's position as tax creditor of parties other than defendant and is insufficient as a matter of law *(Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 466-467). We see no abuse of discretion in Supreme Court's discovery rulings *(Boutique Fabrice v Bergdorf Goodman,* 129 AD2d 529). Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.