■ Louis Farrakhan et al., Respondents, v N.Y.P. Holdings, Inc., et al., Appellants. [640 NYS2d 80] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered March 23, 1995, as modified *sua sponte* by an order entered April 19, 1995, and order, same court and Justice, entered August 2, 1995, which imposed conditions on the location and duration of the deposi-

tion of plaintiff, are unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the depositions, which are not to be subject to time limitations, are directed to be held in Supreme Court, New York County, with notice to the Administrative Justice of the Court at least two weeks before the scheduled date of the deposition.

This is an action sounding in libel in which plaintiffs interpose two causes of action, one on behalf of plaintiff Minister Louis Farrakhan and the other on behalf of plaintiff the Nation of Islam, seeking damages in excess of $4 billion. Plaintiffs' claims arise from an article written by Jack Newfield which appeared in the March 12, 1994 issue of the New York Post. The article concerns an interview in which Dr. Betty Shabazz stated her belief that Farrakhan was involved in the assassination of her husband Malcolm X. Defendants served their answer, along with a Notice of Deposition, which scheduled Farrakhan's deposition for April 22, 1994 at the office of defendants' counsel.

Plaintiffs subsequently moved for a protective order, seeking to preclude defendants from taking Farrakhan's deposition, and defendants cross-moved to compel. The IAS Court denied the protective order and directed Farrakhan to appear within a specified period of time. Plaintiffs thereafter moved to reargue and defendants cross-moved for a conditional order directing that Farrakhan appear on dates certain for his deposition, or, upon plaintiffs' failure to produce Farrakhan, for an order dismissing the complaint. On March 1, 1995, the date set by defendants for Farrakhan's deposition, the IAS Court signed an Order to Show Cause with a temporary restraining order staying the deposition pending the determination of the motion for reargument.

The IAS Court granted plaintiffs' motion for reargument, and upon reargument, adhered to its original determination. The order, however, further provided that the EBT, to be held within 60 days, would be conducted in defendants' counsel's New York or Chicago offices, purportedly due to concerns for Farrakhan's safety. The order also limited the deposition to three days, which sessions were to commence at 10:00 A.M.

Defendants moved by Order to Show Cause to renew and/or reargue the March 23 order on the grounds, *inter alia*, that defendants' counsel did not have an office in Chicago and that there was no legal or factual basis for holding the deposition in Chicago and limiting it to three days. By order entered April 19, 1995, Justice Arber rejected defendants' Order to Show Cause and held: "This Court, *sua sponte*, vacates that portion

of its 3/20/[95] decision which directed that Minister Farrakhan appear in the offices of *defendants'* counsel in either New York or Chicago. Since concerns had been raised with regard to Minister Farrakhan's personal safety, the Court intended to have Minister Farrakhan appear for his EBT in *plaintiffs'* counsel's office in New York or Chicago. All other conditions of the Court's Order dated March 20, 1995, remain in effect." (Emphasis supplied.) Plaintiffs' counsel subsequently notified defendants' counsel that their offices were located at the headquarters of the Nation of Islam in Chicago.

Defendants thereafter moved for reargument of the March 23 order as modified, *sua sponte*, by the April 19 order. Defendants submitted numerous articles indicating that Farrakhan travelled extensively outside of Chicago, including multiple trips to New York City, and alleged that Farrakhan appeared at a public rally in New York City in support of Qubilah Shabazz, the person allegedly behind the plot to kill him. Farrakhan also appeared in New York during this same time period to promote the Million Man March on Washington, D.C. In addition, defendants submitted the transcript of a speech given by plaintiffs' lead counsel, Ava Muhammad, Esq., in which she makes a menacing statement directed at defendants' counsel.

Defendants' lead counsel states in an affirmation that he is a widely-known Jewish leader and that it would be highly prejudicial to have to conduct Farrakhan's deposition in the intimidating atmosphere of the Nation of Islam's headquarters in Chicago in view of Ms. Muhammad's threatening statement and Farrakhan's history of anti-Semitic remarks.

On August 2, 1995, Justice Arber granted defendants' motion for reargument and, upon reargument, adhered to the substance of the March 23 and April 19 orders, insofar as defendants were required to travel to Chicago to take the deposition of Farrakhan at the Nation of Islam headquarters. Defendants appeal and we now reverse.

It is well-settled that the trial court is vested with broad discretion in supervising pre-trial discovery (CPLR 3103 [a]; *Boutique Fabrice v Bergdorf Goodman*, 129 AD2d 529, 530; *Plattsburgh Distrib. Co. v Hudson Val. Wine Co.*, 108 AD2d 1043). Such discretion, however, is not unlimited (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *Conway v Bayley Seton Hosp.*, 104 AD2d 1018, 1019; *Boutique Fabrice v Bergdorf Goodman, supra*, at 530).

As a general rule, a non-resident plaintiff who has invoked the jurisdiction of New York State by bringing suit in its courts

must stand ready to be deposed in New York unless it is shown that undue hardship would result (*see, Mack v J.C. Penney Co.*, 81 AD2d 761; *Spatz v Wide World Travel Serv.*, 70 AD2d 835).

In the matter at bar, the IAS Court clearly, and inexplicably, abused its discretion by ordering that the deposition of a non-resident plaintiff, who commenced a multi-billion dollar lawsuit in New York against New York parties, proceed out-of-State and, for unknown reasons, be limited to three days, where plaintiff failed to establish that undue hardship warrants such drastic relief. While plaintiffs' counsel cited concerns for Farrakhan's safety as the reason the deposition should not take place at all, plaintiffs did not make a request that the deposition be conducted in Chicago. That decision was made *sua sponte* by the IAS Court and was without any legal basis. Indeed, it had been demonstrated by defendants that Farrakhan frequently and repeatedly travelled outside of Chicago, with many of those trips during the period in issue having been made to New York City. In view of these facts, it cannot be concluded that his safety would be jeopardized by appearing in New York for a deposition, which would not involve the type of public exposure and risk which he has assumed in other, recent well publicized appearances.

The court also abused its discretion by limiting Farrakhan's deposition to three days. Plaintiffs' counsel opposed the deposition taking place at all and never requested the imposition of time constraints. Since the length of time needed to take Farrakhan's deposition cannot be ascertained with any certainty, placing an arbitrary time limit on the process would almost certainly curtail defendants' ability to acquire a complete and thorough deposition. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.