OPINION OF THE COURT
Barbara Howe, J.
Defendant, as part of its pretrial discovery requests in this personal injury litigation, has made a demand pursuant to *743 CPLR 3101 (d) (1) (i) that plaintiff disclose expert information. Plaintiff resists disclosure insofar as any "subsequent treating physicians” are concerned.
CPLR 3101 (d) (1) (i) requires that, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial”, and to provide certain specified information about the expert and his or her testimony. As the Appellate Division, First Department, observed in Santariga v McCann (161 AD2d 320, 321), CPLR 3101 (d) (1) (i) "only applies to litigation experts retained to testify at trial (3A Weinstein-Korn-Miller, NY Civ Prac ]j 3101.52a, at 31-214).” The Appellate Term, First Judicial Department, relying on Santariga, has concluded that a "plaintiff’s treating physician [is] not an expert retained for litigation purposes as contemplated by the statute” (Rios v Red Apple Supermarket, NYLJ, Dec. 7, 1994, at 30, col 3).
For the reasons which follow, I agree generally with the conclusion of the Appellate Term in Rios (supra).
The role of a treating physician has nothing inherently to do with the process of litigation. The role of the treating physician is, instead, to care for and heal the patient. At some point, of course, if the patient’s condition gives rise to litigation, a treating physician may be called upon to testify at trial, but this would be an entirely secondary role.
Professor Siegel, in his Practice Commentaries to CPLR 3101 (d) (1) (i), points out that the requirement that a party "identify each person it 'expects to call as an expert witness at trial’ * * * derives (and the quoted language comes verbatim) from subdivision (b) (4) (A) (i) of Rule 26 of the Federal Rules of Civil Procedure. It therefore has a background in federal Advisory Committee notes and case law” (McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:29A, at 46). A brief review of the referenced Federal Advisory Committee notes and case law is instructive.
In the Historical Notes — Advisory Committee Notes to rule 26 of the Federal Rules of Civil Procedure (reprinted in United States Code Serv, Court Rules, at 247), the 1970 Committee notes discuss the then newly added provision concerning expert disclosure as follows: "Subdivision (b) (4) — Trial Preparation: Experts. This is a new provision dealing with the discovery of information (including facts and opinions) obtained by a party from an expert retained by that party in relation to litigation or obtained by the expert and not yet transmitted to the party. The subdivision deals separately with those experts whom the *744 party expects to call as trial witnesses and with those experts who have been retained or specially employed by the party but who are not expected to be witnesses. It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.” (Emphasis added.)
In Baker v Taco Bell Corp. (163 FRD 348, 349), the Colorado District Court (Abram, J.) noted that: "Treating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial. They are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts [under rule 26].”
Similarly, in Sipes v United States (111 FRD 59, 61), the District Court for the Southern District of California (McKee, J.) held that "it is improper to name treating physicians as expert witnesses where the information and opinions possessed by said physicians was obtained by virtue of their roles as actors or viewers of the transactions or occurrences giving rise to the litigation, to wit, the care and treatment provided to the plaintiff during the pertinent time period. Said physicians are percipient fact witnesses * * * The mere fact that a treating physician may possess opinions regarding the case and treatment provided to the plaintiff * * * does not ipso facto render such a physician as an expert witness.” (Cf. also, Quarantillo v Consolidated Rail Corp., 106 FRD 435, 437.)*
I find the reasoning of these Federal authorities construing the expert discovery provisions of rule 26 (b) (4) of the Federal Rules of Civil Procedure, which is the Federal counterpart and progenitor of CPLR 3101 (d) (1) (i), to be entirely persuasive, *745 and I see no reason for construing CPLR 3101 (d) (1) (i) differently. Thus, I conclude that subsequent treating physicians need not be disclosed as experts retained to testify at trial under CPLR 3101 (d) (1) (i) to the extent that they will be testifying at trial, if at all, as "percipient fact witnesses” (Sipes v United States, supra, at 61).
Accordingly, defendant’s motion to compel disclosure must be, and it hereby is, denied in all respects. This denial is, of course, without prejudice to any discovery which defendant may seek concerning plaintiff’s treating physician(s) pursuant to any other provisions of the CPLR.

 In its Quarantillo decision (supra), the District Court for the Western District of New York (Elfvin, J.) pointed out, however, that "it is recognized that a witness may be considered an expert as to some matters and an actor as to other information” (supra, at 437, citing Nelco Corp. v Slater Elec., 80 FRD 411, 414; cf. also, Patel v Gayes, 984 F2d 214, 217-218).