Vargas v Lee (2019 NY Slip Op 02142)





Vargas v Lee


2019 NY Slip Op 02142


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-08768
 (Index No. 507923/13)

[*1]Jose Vargas, et al., appellants, 
v
A. Lee, etc., et al., defendants, Wyckoff Heights Medical Center, respondent.


Silberstein, Awad & Miklos, P.C., Garden City, NY (Joseph Miklos of counsel), for appellants.
Arshack, Hajek & Lehrman, PLLC, New York, NY (Lynn Hajek of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated August 1, 2016. The order, insofar as appealed from, denied that branch of their renewed motion which was to compel the defendant Wyckoff Heights Medical Center to produce the audit trail of the patient records of the plaintiff Jose Vargas for the period of May 1, 2012, through May 17, 2012.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the plaintiffs' renewed motion which was to compel the defendant Wyckoff Heights Medical Center to produce the audit trail of the patient records of the plaintiff Jose Vargas for the period of May 1, 2012, through May 17, 2012, is granted.
The plaintiffs commenced this action to recover damages for medical malpractice. As relevant here, the complaint alleged that the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff), through its employees and agents, undertook to provide medical services to the plaintiff Jose Vargas (hereinafter the injured plaintiff) between February 6, 2012, and May 17, 2012. The plaintiffs alleged that during this period, on May 1, 2012, the injured plaintiff underwent surgery on his left foot at Wyckoff. The plaintiffs alleged that the defendants "failed to timely and properly manage and treat [the injured] plaintiff's ischemic injury following [the] surgery." The plaintiffs further alleged that, as a result of such negligence, the injured plaintiff "suffered substantial swelling, infection and gangrene that ultimately required the amputation of his leg from the knee down."
After the commencement of the action, the plaintiff moved, inter alia, to compel Wyckoff to produce the audit trail of the injured plaintiff's patient records for the period of May 1, 2012, through May 17, 2012. The plaintiffs asserted that every time the injured plaintiff's electronic medical records were accessed during the relevant period, an entry was created in Wyckoff's database which contained "information about the [injured plaintiff's] care." These entries comprised the audit trail of the injured plaintiff's patient records. The plaintiffs argued that since the allegations of negligence in this case included "the failure to timely and properly diagnose and treat [the injured] [*2]plaintiff's medical complications following his foot surgery," the requested portion of the audit trail was relevant to "the timing and substance of [the injured] plaintiff's care following [that] surgery."
By order dated June 5, 2015, the Supreme Court, among other things, denied that branch of the plaintiffs' motion which was to compel Wyckoff to produce the audit trail of the injured plaintiff's patient records for the period of May 1, 2012, through May 17, 2012. The court stated that the requested audit trail constituted metadata, and that metadata was "not routinely produced unless the requesting party shows good cause." The court determined that the plaintiffs failed to sustain their burden of demonstrating "the necessity and utility of audit trail production." Accordingly, the court denied that branch of the plaintiffs' motion which was to compel Wyckoff to produce the requested audit trail "without prejudice to renew upon a proper showing."
The plaintiffs subsequently renewed their motion, inter alia, for the production of the requested portion of the audit trail. The plaintiffs argued that Wyckoff had withheld portions of the injured plaintiff's patient file, notwithstanding its representation to the plaintiffs that it had provided their attorney with a complete set of the injured plaintiff's hospital records. To substantiate these allegations, the plaintiffs submitted, among other things, a transcript of an attempted deposition dated December 10, 2015, and an affirmation from an attorney who appeared at the deposition. The plaintiffs' evidentiary submissions demonstrated that Wyckoff did not provide the complete patient file to the injured plaintiff.
Wyckoff opposed the plaintiffs' motion, arguing that, after the motion had been made, it had provided the plaintiffs with over 1,400 pages of the injured plaintiff's hospital records. Wyckoff argued that these materials comprised the injured plaintiff's complete patient record during the relevant time period and that the plaintiffs' request for production of the audit trail was "overreaching, overbroad, unduly burdensome and beyond the scope of discovery." Wyckoff contended that the request for the audit trail was also "duplicative of information already obtained" and that the requested disclosure was "intended to unreasonably harass [Wyckoff]."
In the order appealed from, dated August 1, 2016, the Supreme Court, inter alia, denied that branch of the plaintiffs' renewed motion which was to compel Wyckoff to produce the audit trail of the injured plaintiff's patient records for the period of May 1, 2012, through May 17, 2012. The plaintiffs appeal, and we reverse the order dated August 1, 2016, insofar as appealed from.
"Disclosure in civil actions is generally governed by CPLR 3101(a)" (Forman v Henkin, 30 NY3d 656, 661). That section provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101[a]; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376).
The Court of Appeals has emphasized that "[t]he words, material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see Forman v Henkin, 30 NY3d at 661; see generally Siegel, NY Prac § 344 at 568-569 [5th ed 2011]). Accordingly, in this context, "[t]he word necessary' means needful and not indispensable" (Shutt v Pooley, 43 AD2d 59, 60 [emphasis added]; see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406; State of New York v De Groot, 35 AD2d 240, 242; see generally 6 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3101.07 [online treatise]).
Similarly, in this context, "[i]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered [matter] material' in the action" (Shutt v Pooley, 43 AD2d at 60; see Fell v Presbyterian Hosp. in City of N.Y. at Columbia-Presbyt. Med. Ctr., 98 AD2d 624, 625; see also Manzo v Westchester Rockland Newspapers, 106 AD2d 492, 492; see generally 6 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3101.07 [online treatise]). "Indeed, as the name suggests, the purpose of discovery is to determine if material relevant to a claim or defense exists" (Forman v Henkin, 30 NY3d at 664). "In many if not most instances, a party seeking disclosure will not be able to [*3]demonstrate that items it has not yet obtained contain material evidence" (id.). "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is . . . relevant" (id. at 661).
"The right to disclosure, although broad, is not unlimited" (Forman v Henkin, 30 NY3d at 661). "Although New York's discovery provisions have been liberally construed to favor disclosure, litigants are not without protection against [their] unnecessarily onerous application'" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 747, quoting Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954; see CPLR 3101[b]-[d]; 3103). "Under our discovery statutes and case law, competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party" (O'Neill v Oakgrove Constr., 71 NY2d 521, 529; see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d at 954). "Thus, when courts are called upon to resolve a dispute, discovery requests must be evaluated on a case-by-case basis with due regard for the strong policy supporting open disclosure'" (Forman v Henkin, 30 NY3d at 662, quoting Andon v 302-304 Mott St. Assoc., 94 NY2d at 747).
The Court of Appeals has repeatedly emphasized that "discovery determinations are discretionary" (Andon v 302-304 Mott St. Assoc., 94 NY2d at 747; see Forman v Henkin, 30 NY3d at 662). As relevant here, "[t]he courts . . . possess a wide discretion to decide whether information sought is material and necessary' to the prosecution or defense of an action" (Allen v Crowell-Collier Publ. Co., 21 NY2d at 406). Accordingly, absent an error of law or an improvident exercise of discretion, this Court will not disturb a trial court's discretionary discovery determination (accord Forman v Henkin, 30 NY3d at 662).
Here, the plaintiffs, with the new material submitted in support of their renewed motion, sustained their threshold burden of demonstrating that the portion of the audit trail at issue was "reasonably likely to yield relevant evidence" (id. at 666). To the extent that the Supreme Court determined that a higher threshold burden applied to the plaintiffs' request, we disagree with that determination (see id.).
The plaintiffs demonstrated, and Wyckoff does not dispute, that an audit trail generally shows the sequence of events related to the use of a patient's electronic medical records; i.e., who accessed the records, when and where the records were accessed, and changes made to the records (see Gilbert v Highland Hosp., 52 Misc 3d 555, 557 [Sup Ct, Monroe County]; see also Matter of Irwin v Onondaga County Resource Recovery Agency, 72 AD3d 314, 320). Hospitals are required to maintain audit trails under federal and state law (see 45 CFR 164.312[b]; 10 NYCRR 405.10[c][4][v]). As argued by the plaintiffs, the requested audit trail was relevant to the allegations of negligence that underlie this medical malpractice action in that the audit trail would provide, or was reasonably likely to lead to, information bearing directly on the post-operative care that was provided to the injured plaintiff. Moreover, the plaintiffs' request was limited to the period immediately following the injured plaintiff's surgery. The plaintiffs further demonstrated that such disclosure was also needed to assist preparation for trial by enabling their counsel to ascertain whether the patient records that were eventually provided to them were complete and unaltered (see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406).
In response to the plaintiffs' threshold showing, Wyckoff failed to demonstrate that the requested disclosure was improper or otherwise unwarranted. Although Wyckoff argued that the audit trail may contain information that would not be useful to the plaintiffs, it did not dispute that the audit trail would nevertheless contain information pertaining to the medical care that it provided to the injured plaintiff in the wake of his foot surgery. Furthermore, the affidavit of Wyckoff's vice president of information technology, in which she averred that compilation of the requested audit trail would be "time-consuming," was conclusory and inadequate to show that the requested production would be unduly onerous (cf. Andon v 302-304 Mott St. Assoc., 94 NY2d at 747). Wyckoff similarly failed to substantiate its claim that the information contained in the audit trail had already been provided to the plaintiff. Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was to compel Wyckoff to produce the audit trail of the injured plaintiff's patient records for the period of May 1, 2012, through May 17, 2012 (see generally Forman v Henkin, 30 NY3d at 666).
In light of the foregoing, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court