■   CHARLES CARRADINE, an Infant, by His Guardian ad Litem, DANIEL CARRADINE, et al., Respondents, v. CITY OF NEW YORK, Appellant, et al., Defendants. (Action No. 1.)  THOMAS SANTIAGO, as Administrator of the Estate of ROBERT SANTIAGO, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendants. (Action No. 2.) — In consolidated negligence actions (designated as Action No. 1 and Action No. 2) arising out of the explosion of combustible materials belonging to the defendant City of New York and stored by it on its premises, which resulted in injury to one infant, Charles Carradine, and in the death of another, Robert Santiago; Action No. 1 being by the first named infant and his father against the city and three other defendants to recover damages for personal injuries, loss of service and medical expenses; and Action No. 2 being by the administrator of the other infant against the city and the three other defendants to recover damages for his death and for his pain and suffering, the city appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, rendered June 6, 1960 upon the jury's verdict after trial, as is in favor of all the plaintiffs and against it (see 26 Misc 2d 788). With respect to the three defendants other than the City of New York, namely: Klevens Corp., J. K. Welding Co., Inc., and Hudson Maintenance Corp., the court, at the end of the case, dismissed the complaint against them; dismissed their respective cross complaints against each other; and dismissed the city's cross complaint against them. There is no appeal as to any of such dismissals (the city having withdrawn its appeal as to the dismissal of its cross complaint). Judgment, insofar as appealed from, affirmed, with costs. Two nine-year old boys (Charles Carradine and Robert Santiago) entered an enclosure within an archway of the Brooklyn Bridge. Such archway abuts on a public street. It is in proximity to an area which, although officially discontinued as a playground about a month prior to the accident, was still used by children for that purpose. The door to the enclosure was open. An explosion and fire ensued when a third boy dropped a lighted match on benzine or turpentine oozing from an overturned can. That liquid and cans of paint had been stored for a long time in the enclosure, which was otherwise not in use. As the result of their burns, the Carradine boy was seriously injured and the Santiago boy died. The trial court in effect charged the jury that, even though the infants were trespassers, the defendant City of New York may be found liable upon the ground that it stored inflammable liquids which were inherently dangerous. In our opinion such charge was not erroneous. Where injury results to an infant who is a trespasser, the pertinent facts and relevant circumstances must be carefully examined in order to determine whether a jury question of foreseeability exists. In reaching that determination, the dangers incident to city life and the reasonable use of property by its owner, including the nature of the trespass and of the hazard on the land, must be weighed in each case (*Mendelowitz* v. *Neisner*, 258 N. Y. 181, 185). And they should be weighed in the light of the principle: (1) that the degree of care required of a landowner is commensurate with the risk involved, the character of material on the premises and its accessibility to such children (*Kingsland* v. *Erie County Agric. Soc.*, 298 N. Y. 409, 423, 424); and (2) that one who maintains an explosive substance is properly bound to the exercise of a high degree of care (*Travell* v. *Bannerman*, 174 N. Y. 47, 51). We have given due consideration to the facts in those cases where complaints of infant trespassers have been dismissed (e.g., *Carbone* v. *Mackchil Realty Corp.*,

296 N. Y. 154; *Olsen* v. *Fennia Realty Co.*, 246 N. Y. 641; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110). After such consideration, we believe that under the circumstances disclosed in the instant record, the city's maintenance of the inflammable materials in the particular enclosure here involved was actionable within the principles as enunciated and as applied in comparatively recent cases (*Mayer* v. *Temple Prop.*, 307 N. Y. 559; *Collentine* v. *City of New York*, 279 N. Y. 119; *Kingsland* v. *Erie County Agric. Soc.*, 298 N. Y. 409, *supra*). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.