Per Curiam.

We agree with the Appellate Division that the proper standard of care owed to trespassers by a property owner, in refraining from willful, wanton or intentional acts or their equivalents, is to be determined from the pertinent facts and relevant circumstances of each case. We feel, however, that a new trial should be ordered in this case, since the trial court erroneously charged the jury, with exception taken, that the inflammable liquid involved was inherently dangerous as a matter of law. (See, e.g., Morse v. Buffalo Tank Corp., 280 N. Y. 110; Hall v. New York Tel. Co., 214 N. Y. 49; Camacho v. City of New York, 12 A D 2d 752, mot. for lv. to app. den. 9 N Y 2d 613.) In our opinion, it became a question of fact, in the absence of a statute or ordinance, for the jury to determine whether, under all of the circumstances of continued storage of accessible highly inflammable material, some of which had spilled on the floor, within a darkened vacated recess adjacent to a former public playground area, the defendant City of New York created or maintained an inherently hazardous situation, the consequences of which may well have been anticipated. (See, e.g., Mayer v. Temple Props., 307 N. Y. 559, 565; Kingsland v, Erie County Agric. Soc.) 298 N, Y, 409, 423-424; Parnell v. *296 Holland Furnace Co., 234 App. Div. 567, affd. 260 N. Y. 604; cf. Lomoriello v. Tibbetts Contr. Corp., 18 A D 2d 911, affd. 13 N Y 2d 736.) Furthermore, although no exception was taken, consideration should also be given at the new trial to the question of whether the infants were actually trespassers (Collentine v. City of New York, 279 N. Y. 119; Soto v. City of New York, 9N Y2d 683).
The judgment should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Foster and Scileppi concur.
Judgment reversed, etc.