■ HERMINE W. SADLER, Individually and as Natural Guardian of RAYMOND SADLER, an Infant, Appellant, v LUCILLE R. BROWN, Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Jordan, J.), entered September 29, 1983, as dismissed the complaint against defendant Brown, upon the close of plaintiff's case, for failure to establish a prima facie case against said defendant.

Judgment reversed, insofar as appealed from, on the law, and new trial granted to plaintiff as against defendant Brown, with costs to abide the event.

Upon plaintiff's direct case, she adduced sufficient evidence from which a jury could have determined that defendant Lucille Roseway Brown (hereinafter defendant) breached a duty of care owed to the infant plaintiff resulting in foreseeable injury. This evidence indicated that defendant was aware that flammable substances were stored in the garage of the house she rented to plaintiff and that she knew the infant plaintiff frequently played in the garage (*see, e.g., Carradine v City of New York*, 16 AD2d 928, *revd on other grounds* 13 NY2d 291). The weak link in plaintiff's direct case was on the issue of whether these flammable substances proximately caused the infant plaintiff's injuries.

The infant plaintiff, who was 10 years old at the time of the accident, testified that his injuries resulted from an explosion when he lit a match in the garage and brought the lit match toward the floor in order to melt a piece of plastic. The explosion occurred quickly and he could not tell where it came from. Plaintiff made an offer of proof concerning the proposed testimony of a neighbor, one Arthur Liverpool, in order to establish that the explosion occurred inside one of the cans of flammable material. Out of the presence of the jury, Liverpool was called and testified that he was in his home when he heard a loud explosion. He arrived at the scene moments later and observed the infant plaintiff with his clothes on fire and one of defendant's cans and its cover smoldering and smoking. This, combined with the testimony of plaintiff's expert explaining how such an explosion could occur, would have been sufficient to establish proximate cause as it provided a reasonable basis for the jury to conclude that the material stored by defendant was the source of the explosion (*Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203; *Koester v State of New York*, 90 AD2d 357).

The trial court, however, improperly precluded Mr. Liverpool's testimony. Although plaintiff failed to list Mr. Liverpool as a witness in response to defendant's discovery and inspection notice, this same information was provided to defendant during the examination before trial of the plaintiff. Since defendant thus had knowledge of Mr. Liverpool's existence and at least as much knowledge of the significance of his testimony as she would have received in response to the discovery notice, no legitimate claim of surprise could be made (*cf. Lauren v Gollin*, 54 Misc 2d 512). Furthermore, the trial court erred when it held that Mr. Liverpool's testimony would invite undue speculation as to the source of the explosion. With the addition of the evidence contained in Mr. Liverpool's offer of proof, the totality of the evidence adduced by plaintiff, when viewed in a light most

favorable to plaintiff, would have been sufficient to establish a prima facie case (*Cesario v Chiapparine,* 21 AD2d 272; *Faber v City of New York,* 213 NY 411). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.