■ CIGDEM CAGATAY et al., Appellants, v CALEDONIAN HOSPITAL et al., Defendants, and BROOKLYN HOSPITAL et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated February 24, 1986, as required the plaintiffs to provide expert medical information pursuant to CPLR 3101 (d) (1), to the respondents, who were served with process on or after July 1, 1985, the effective date of CPLR 3101 (d) (1).

Ordered that on the court's own motion, Nermin Kodaman, *as* the administratrix of the estate of Hilmi Kodaman, is substituted as a party defendant, and the caption is amended accordingly; and it is further,

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the cross motion to compel the plaintiffs to respond to the demand pursuant to CPLR 3101 (d) (1) is denied.

This is an action to recover damages for medical malpractice arising out of the birth and subsequent treatment of Cigdem Cagatay. The infant allegedly suffers from permanent brain damage. Cigdem's mother, Marifet Cagatay, on behalf of the infant and in her individual capacity, commenced the instant lawsuit, naming, as party defendants, seven physicians and three hospitals. The complaint alleges that these defendants were negligent, *inter alia*, in failing to properly diagnose and treat the infant, and in failing to inform Cigdem's parents "as to the risks, complications, consequences, and dangers of the procedures the defendants undertook to perform * * * upon the infant plaintiff".

Following joinder of issue, and after the plaintiffs served their bill of particulars, a dispute arose among the parties concerning the exchange of discovery materials. This dispute culminated in a cross motion by one of the defendants, which was later joined in by several other defendants, seeking to preclude the plaintiffs from offering or introducing any expert testimony as to the alleged malpractice, by reason of the plaintiffs' failure to respond to the demand for disclosure of expert opinion pursuant to CPLR 3101 (d) (1). In the alternative, those defendants sought to compel the plaintiffs to provide the information requested by those defendants in that demand.

CPLR 3101 (d) underwent a substantial legislative revision as part of the Medical Malpractice Insurance Company Reform Act of 1985 (L 1985, ch 294). The revision entailed a significant expansion of the material discoverable by an adverse party in terms of expert opinion. Parties to those actions commenced on or after July 1, 1985, are subject to this legislation.

We find, contrary to the Supreme Court, Kings County, that since the plaintiffs commenced the instant action prior to July 1, 1985, CPLR 3101 (d) (1), in its revised form, does not govern the disclosure obligation of the plaintiffs, notwithstanding the fact that some of the named defendants had been served with process subsequent to that date (*see, McKinistry v Werner Mach. Co.,* 133 AD2d 361; *Rogowski v Day Co.,* 130 Misc 2d 801). Accordingly, the cross motion to compel the plaintiffs to respond to the demand for expert opinion pursuant to CPLR 3101 (d) (1) should be denied. Brown, J. P., Eiber, Spatt and Sullivan, JJ., concur.