■ GRACE E. BECK, Appellant, v ALBANY MEDICAL CENTER HOSPITAL et al., Respondents. [594 NYS2d 844] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Marinelli, J.), entered July 25, 1991 in Albany County, upon a verdict rendered in favor of defendants.

On February 16, 1983, plaintiff was scheduled to undergo a diagnostic heart scan at the nuclear medicine clinic at defendant Albany Medical Center Hospital. The preparation included an injection of thallium-201 chloride, a radiopharmaceutical drug. By error she was injected with technetium 99m-MDP, a different radiopharmaceutical drug. Defendants freely admit the error. The events leading to the error were as follows. Defendant Raymond Dansereau, the supervising nuclear pharmacist, was preparing standard adult doses of technetium for patients scheduled for bone scans. When one patient canceled his test after his individual injection had

been fully prepared, Dansereau removed the label, set the syringe containing the radioactive technetium in a syringe shield to be labeled and used for another scheduled bone scan. Amy Kelly, a fourth-year pharmacy student, had prepared the thallium injection for plaintiff and placed the syringe containing the thallium in a syringe shield while making its label. The doses, syringes and shields of the thallium and the technetium were virtually identical in size, appearance and color. The shields were less than a foot apart and Kelly erroneously placed the label for plaintiff's injection on the syringe containing technetium. The error was discovered within minutes after plaintiff had been injected with the technetium.

Eleven days thereafter plaintiff developed symptoms including pain in her lower abdomen and an urgency to urinate for which she sought medical treatment. Plaintiff, who had had no history of previous urinary tract problems, subsequently developed chronic recurring urinary tract infections. She commenced this medical malpractice action alleging the erroneous injection was the cause of her bladder pathology. After trial, the jury returned a verdict in favor of defendants finding that the technetium injection was not the proximate cause of her injuries. Plaintiff has appealed.

Over plaintiff's objection, Supreme Court permitted the introduction of the hospital record of dose preparation which was part of plaintiff's medical record prepared by Dansereau. Plaintiff contends that the admission of the record violated the business record exception in CPLR 4518 for three reasons: (1) Dansereau lacked personal knowledge of the facts, (2) the information was not supplied by one with personal knowledge, and (3) it was not in the regular course of the hospital's business to make the particular record.

Contrary to plaintiff's argument, defendants clearly established that Dansereau had personal knowledge of the dose and that he himself performed the preparation of technetium which was ultimately mislabeled by the student. In addition, he was under a business duty to accurately record the doses administered. Entries which are made in a hospital chart and are relevant to the treatment or diagnosis of the patient qualify for admission under the statutory business record rule (*Davis v Robins Co.,* 99 AD2d 342, 347). The fact that in this instance the information concerning dosage was entered by Dansereau into plaintiff's medical record shortly after its administration, rather than before as is the usual procedure, merely relates to circumstances of the recordkeeping. CPLR

4518 includes records made within a reasonable time after the act or event. The circumstances of the making of the entry relate to the weight of the evidence, not its admissibility *(see,* CPLR 4518 [a]). Accordingly, it was not error to admit the dosage record.

Plaintiff next contends that Supreme Court erred in permitting defendants to call Stuart Rosenberg, a urologist, as a witness. Plaintiff argues that Rosenberg was an expert witness whose identity had not been disclosed pursuant to CPLR 3101 (d). Initially, we observe that the doctor was one of plaintiff's treating physicians under subpoena from her to appear at the trial and that one of his reports had been used at trial by plaintiff. Plaintiff was therefore not surprised by the content of Rosenberg's testimony *(see, Sadler v Brown,* 108 AD2d 739, 740). It must also be noted that Rosenberg did not give a responsive answer to defendants' one hypothetical question but only testified to his own medical treatment and to his observations. Accordingly, CPLR 3101 (d) was not applicable in these circumstances. Moreover, CPLR 3101 (d) as revised *(see,* L 1985, ch 294, § 25), became effective on July 1, 1985 and applies to actions commenced on or after that date. With the exception of defendant David Ryon, all defendants had been served prior to July 1, 1985. Ryon was not a party to the original action but was served during July 1985 in a separate action subsequently consolidated with this action. Under these circumstances, the revised CPLR 3101 (d) was not applicable *(see, Cagatay v Caledonian Hosp.,* 133 AD2d 660).

Nor do we find persuasive plaintiff's contention that the questioning of her by defense counsel unfairly prejudiced her trial. Inquiries concerning the fact that she had retained an attorney before she experienced symptoms and before she sought medical care was within fair and reasonable bounds of proper cross-examination for the purpose of attacking her credibility *(see,* Richardson, Evidence § 490, at 476 [Prince 10th ed]). We similarly reject plaintiff's contention that after defendants had called plaintiff as their witness, she was prejudiced by defendants' attempt to probe her recollection concerning injuries she had sustained in an earlier accident. Clearly, although a party cannot impeach its own witness (Richardson, Evidence § 508, at 499 [Prince 10th ed]), here defendants' limited attempt to impeach plaintiff was unsuccessful and not permitted in any substantive degree after objection by her attorney.

Plaintiff next challenges the propriety of defendants' cross-examination of Michael Baden, her expert witness. However,

failure to have made objections to the cross-examination at trial effectively waived appellate review of that issue (see, *Tomanelli v Lizda Realty,* 174 AD2d 889, 890). Our review of the tactics and conduct of counsel taken in totality satisfies us that it remained within the bounds of fair and reasonable inquiry and to the extent that Supreme Court improperly allowed challenged testimony into evidence, we find that error to be harmless.

We next turn to plaintiff's contention that Robert Pletman, defendants' expert, was not qualified to render an opinion as to whether the technetium injection, under the circumstances here involved, could cause her urinary tract infections. Plaintiff argues that Pletman lacks credentials either in the study of or actual experience in the field of nuclear medicine. The qualification of a witness to testify as an expert is a determination to be made by the trial court (*Felt v Olson,* 74 AD2d 722, *affd* 51 NY2d 977). On the other hand, the extent of the qualifications is a consideration to be made by the trier of fact in weighing the expert's testimony (*supra*). Pletman is a board-certified urologist who had limited his extensive practice to that specialty. The record shows that while he does not administer nuclear medicine, he orders tests involving nuclear medicine and treats patients who have been subjected to those tests and to various levels of radiation from other sources, including the type of test and dosage administered to plaintiff. Therefore, it was not an abuse of discretion to permit him to give expert testimony on the effects of radiation on the bladder.

Plaintiff's final contention is that Supreme Court erred in granting defendants a protective order against pretrial disclosure and in determining that defendants need not disclose the names of other patients who received technetium on the same day as plaintiff. She argues that if the dosage of her injection was incorrect, then the other patients who received similar injections might have had similar side effects and that their testimony would provide proof of the alleged acts of medical negligence and thus be subject to disclosure (see, *Hirsh v Catholic Med. Ctr. of Brooklyn & Queens,* 91 AD2d 1033). We disagree. Contrary to plaintiff's contentions, other patients were not witnesses to an event at issue and disclosure of the names and records of medical treatment of other patients would be in contradiction of CPLR 4504 (a) (see, *Boddy v Parker,* 45 AD2d 1000, 1001). Accordingly, Supreme Court properly prevented the disclosure of the confidential information.

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.