■ Robert L. Rook et al., Appellants-Respondents, v 60 Key Centre, Inc., et al., Respondents. 60 Key Centre, Inc., Third-Party Plaintiff, v Aluma Systems Corporation, Third-Party Defendant-Respondent. Burke Company, Fourth-Party Plaintiff, v Frank L. Ciminelli Construction Co., Inc., Fourth-Party Defendant-Respondent-Appellant. Mobile Materials Handling Equipment, Ltd., Fourth-Party Plaintiff, v Frank L. Ciminelli Construction Co., Inc., Fourth-Party Defendant-Respondent-Appellant, and Aluma Systems Corporation et al., Fourth-Party Defendants-Respondents. (Appeal No. 1.) [660 NYS2d 238] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: In appeal No. 1, plaintiffs challenge an order granting the motion of fourth-party defendant Frank L. Ciminelli Construction Co., Inc. (Ciminelli), to preclude the testimony of an economist for plaintiffs' failure to comply with a scheduling order requiring all parties to complete expert disclosure in accordance with CPLR 3101 (d)

at least 60 days prior to trial. Plaintiffs contend that they adequately and timely disclosed the economist's identity and qualifications. Alternatively, plaintiffs contend that, even if their disclosure was insufficient, Supreme Court abused its discretion in precluding the economist's testimony rather than requiring further disclosure.

Ciminelli cross-appeals from the same order insofar as it denied its motion to preclude the testimony of various other experts for plaintiffs. Ciminelli contends that the court erred in concluding that such other witnesses are treating physicians and thus not subject to the requirements of CPLR 3101 (d).

In appeal No. 2, plaintiffs challenge a subsequent order precluding the testimony of Robin Lazar-Miller, M.D., for plaintiffs' failure to comply with the scheduling order. Plaintiffs contend that the court abused its discretion in precluding the testimony rather than imposing a lesser sanction.

With respect to appeal No. 1, we conclude that the court improvidently exercised its discretion in precluding the economist from testifying. Plaintiffs furnished the defense with the economist's resume and report approximately three years before the scheduled date for trial. They reiterated their intent to call the economist in a notice to the defense approximately $2^1/_2$ months prior to trial. Ciminelli subsequently objected to the adequacy of the disclosure on the ground that the report failed to reveal the basis for the conclusions of the economist with respect to "work-life expectancy, his growth rate for wages and fringe benefits, the inflationary factor for Social Security Disability, as well as the discount rate." In our view, considering the relatively minor alleged deficiencies in the expert's report, and the absence of any demonstrable prejudice or surprise to Ciminelli, preclusion of the economist's testimony is not justified. A less drastic remedy, such as further disclosure of the basis for the economist's opinions, would have sufficed and would have better served the policies underlying the expert disclosure statute. We modify the order by directing that the economist's testimony be precluded unless plaintiffs, within 10 days of service of a copy of the order of this Court with notice of entry, furnish Ciminelli with the information sought by it regarding the basis for the economist's opinions.

With respect to Ciminelli's cross appeal, we reiterate that CPLR 3101 (d) (1) applies only to experts retained to give opinion testimony at trial, and not to treating physicians, other medical providers, or other fact witnesses (see, *Wylie v Consolidated Rail Corp.*, 229 AD2d 966; see also, *Beck v Albany*

*Med. Ctr. Hosp.*, 191 AD2d 854, 856; *Nesselbush v Lockport Energy Assocs.*, 169 Misc 2d 742; *cf., Santariga v McCann*, 161 AD2d 320, 321-322).

With respect to appeal No. 2, we conclude that the court improvidently exercised its discretion in precluding the testimony of Dr. Lazar-Miller. The defense was furnished with the report of Dr. Lazar-Miller over four years prior to trial. That report disclosed that plaintiff Robert L. Rook was suffering from anosmia, or loss of sense of smell, injuries later alleged in plaintiffs' bill of particulars, which was served 2 1/2 years prior to trial. Although Dr. Lazar-Miller's name was inadvertently omitted from the notice served upon the defense 2 1/2 months prior to trial, plaintiffs notified the defense one month later of their intent to call Dr. Lazar-Miller and promptly furnished the defense with her curriculum vitae. Ciminelli does not allege any particular deficiency with respect to Dr. Lazar-Miller's report, nor does it demonstrate any prejudice or surprise. We grant plaintiffs' motion for permission to offer the testimony of Dr. Lazar-Miller. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Preclusion.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.