■ LYNN STARK, Respondent-Appellant, v RICHARD D. SEMERAN et al., Appellants-Respondents, et al., Defendants. (Appeal No. 1.) [666 NYS2d 528] —Appeals unanimously dismissed without costs (*see,* CPLR 5501 [a] [2]). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—New Trial.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

■ LYNN STARK, Respondent-Appellant, v RICHARD D. SEMERAN et al., Appellants-Respondents, et al., Defendants. (Appeal No. 2.) [665 NYS2d 233] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Supreme Court erred in precluding defendant doctor from offering expert testimony that the cause of the death of plaintiff's infant was umbilical cord stricture. The court precluded that testimony because defendants failed to identify defendant doctor as an expert and disclose the subject on which he was expected to testify, as required by CPLR 3101 (d) (1) (i). Because defendant doctor was plaintiff's treating physician, rather than an expert retained to give opinion testimony at trial, CPLR 3101 (d) (1) (i) does not bar the admission of his expert testimony (*see, Rook v 60 Key Centre*, 239 AD2d 926; *Beck v Albany Med. Ctr. Hosp.*, 191 AD2d 854, 856; *Nesselbush v Lockport Energy Assocs.*, 169 Misc 2d 742). Defendants were significantly prejudiced by the error because they were thereby prevented from presenting a defense. Moreover, the error was compounded when the court permitted plaintiff's expert to testify that the infant's death was not caused by umbilical cord

stricture. Consequently, we reverse the judgment and grant a new trial. (Appeals from Judgment of Supreme Court, Onondaga County, Stone, J.—Malpractice.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.