OPINION OF THE COURT
Kevin M. Dillon, J.
Defendants Buffalo General Hospital and Drs. Canver and Guanzon move for an order pursuant to CPLR 4545 (a) reducing that portion of plaintiff’s award for past and future lost earnings by collateral sources. Counsel have agreed that no hearing is necessary as defendants accepted the documentation attached as exhibits to plaintiff’s papers, which include plaintiff’s notice of award from the Social Security Administration, retirement, survivors and disability insurance. The notice of award states that plaintiff is entitled to receive monthly retirement benefits beginning May of 1999. She is also entitled to her benefits as a wife. Her benefit based upon her own earning record is $385.70 per month. Her benefit as a wife is $156.60 per month. The plaintiff did receive her first Social Security benefit check on May 1, 1999 prior to the verdict on June 8, 1999. The verdict awarded the plaintiff $101,581 for lost earnings up to the date of the verdict. Plaintiff was awarded $63,700 in future loss of earnings, intended to provide compensation for four years of loss of earnings from the date of the verdict.
Defendants Buffalo General Hospital and Drs. Canver and Guanzon seek an offset for both plaintiff’s Social Security retirement benefits and those Social Security benefits she receives as a wife. Specifically, they seek an offset of $541 for past lost wages and a $25,968 reduction of future lost wages, representing four years worth of Social Security payments to her. Defendants also allege that plaintiff’s award must be reduced by any retirement benefits she and her husband receive as a result of her husband’s retirement from Niagara Mohawk.
*34 Plaintiff sets forth three arguments against defendants’ claims for reduction of the awards for lost earnings. The first is that the effective date of CPLR 4545 (a), July 1, 1985, makes this statute inapplicable to the case at hand since plaintiffs action against Buffalo General Hospital was commenced June 28, 1985. Defendants respond that the action against Buffalo General Hospital’s employees, Drs. Guanzon and Canver, who were found negligent by the jury, was not commenced until April 23, 1986 and therefore the statute is applicable.
The second argument by plaintiff is that her Social Security retirement benefits do not represent reimbursement for a loss that compared to the jury’s verdict for loss of earnings, past or future, citing Oden v Chemung County Indus. Dev. Agency (87 NY2d 81).
Plaintiffs third argument is that her receipt of Social Security retirement benefits as a wife is not a collateral source under CPLR 4545 (a). The same argument is made for any retirement benefits she and her husband receive from Niagara Mohawk.
These issues will first be addressed on the assumption that. CPLR 4545 (a) applies to this action as a whole. CPLR 4545 (a) authorizes the court in a medical malpractice action to reduce the amount of the plaintiffs award if it finds that any element of the economic loss encompassed in the award was or will be replaced, in whole or in part, from a collateral source. Social Security benefits, other than those provided under title XVIII of the Social Security Act (42 USC § 1395 et seq.), are specifically referred to in the statute as an example of a collateral source. The court must determine whether any specific recovery by the plaintiff was or will be replaced or indemnified by such collateral source.
A CPLR 4545 (a) reduction is authorized only when the collateral source payments represent reimbursement for a particular category of loss that compares to a category of loss for which damages were awarded (Oden v Chemung County Indus. Dev. Agency, supra, at 83, 84). Here the only category of economic loss for which plaintiff received an award was loss of earnings. The burden of establishing the requisite correspondence rests on the party seeking the offset (Oden v Chemung County Indus. Dev. Agency, supra, at 89). The defendants must meet their burden by clear and convincing evidence (Caruso v LeFrois Bldrs., 217 AD2d 256).
The Social Security payments the plaintiff receives as Social Security retirement benefits are deemed collateral *35 sources (CPLR 4545 [a]). As distinguished from Social Security disability benefits, these payments are not in lieu of an earned wage due to plaintiffs inability to presently work combined with eligibility due to previous work, but rather are received by plaintiff due to her age and eligibility. Whether or not plaintiff is able or unable to work is not a consideration for these payments.
Plaintiffs expert economist, Dr. Ronald Reber, testified at trial regarding plaintiffs lost wages due to her injury as well as to a reduction in plaintiffs Social Security benefits due to those lost wages. As plaintiff became, for the most part, unable to work due to the injury, the Social Security benefits she would eventually receive would not be as great as they would have been if she had continued to work until retirement age. The loss of the employer’s contribution was used by this expert as a proxy for the reduction she suffered due to lack of employment as a result of her injury, i.e., the loss of any employer’s payment of the PICA tax of 6.2% of her wages into Social Security.
The Social Security Act, since its inception in 1935, was established as an old-age annuity under a national contributory old-age insurance system. From the beginning, Social Security retirement benefits have always been based upon that particular individual’s earnings and, correspondingly, the employee’s and their employer’s contributions through FICA (see, Social Security Act, tit II [Federal Old-Age Benefits], § 202, currently 42 USC § 402, as first proposed under HR Rep No. 4120, 74th Cong, 1st Sess § 405 [1935]). Despite the many changes to the various aspects of the Social Security Act over the years, the 1935 concept of paid retirement benefits to a worker has consistently remained as intended by Franklin Delano Roosevelt, i.e., “to be a contributory social insurance program in which contributions were made by workers to what was called the ‘old age reserve account,’ with the clear idea that this account would then be the source of monies to fund the workers’ retirement.” (Social Security Administration website www.ssa.gov/history/court.html [in section entitled “The AAA & The Social Security Act”].)
The history of the Social Security Act makes it clear that plaintiff is now receiving Social Security retirement benefits which are the equivalent to an insurance annuity or a pension benefit based upon past employment. Defendants have failed to carry their burden of showing that this benefit replaces, in whole or in part, the lost past or future earnings that plaintiff was awarded by the jury. Plaintiff sought an award for loss of *36 earnings with lost wages being one component and a reduced Social Security retirement benefit being the second component. No request was made for an award that totally supplanted Social Security retirement. Indeed, if such a request had been made, it is clearly not connotated as such in the jury verdict sheet. No request was made by either party to have the jury separately address reduced Social Security retirement benefits. If a separate category of award had been submitted to the jury, defendants may have at least been able to make an argument that such an award is offset by Social Security retirement benefits. However, plaintiffs award of lost earnings cannot be said to be a replacement for a Social Security benefit award based entirely on past earnings with no connection to any future earning ability plaintiff may have had.
Addressing next defendants’ request that the award be reduced by any retirement benefit plaintiffs husband receives from Niagara Mohawk, this item is clearly not a collateral source that takes the place of plaintiffs lost wages or any other loss of earnings. Defendants have failed to meet their burden of establishing the requisite correspondence between the two.
The same conclusion must be reached as to those Social Security benefits plaintiff receives as a wife. These benefits would be received by plaintiff if she had never.worked. They are purely a reflection of her husband’s lifetime earnings and contributions by him and his employers through the Federal Insurance Contribution Act to the Social Security retirement system.
As to plaintiffs claim that CPLR 4545 (a) is not applicable to this cause of action as Buffalo General Hospital was sued prior to the effective date of the statute, even though Drs. Guanzon and Canver were not, the court need not reach that issue in view of the findings that defendants have failed to carry their burden of proof and have not shown the requisite correspondence between the alleged collateral sources and the jury’s award for future lost earnings. If the court were to reach this issue, it would first be noted that these two causes of action were consolidated by court order October 13, 1986. The original Buffalo General Hospital complaint filed by the plaintiff alleged liability to Buffalo General Hospital based upon the actions of Buffalo General Hospital’s agents or employees, specifically naming Drs. Guanzon and Canver as employees of Buffalo General Hospital. The court would propose that Buffalo General Hospital and Drs. Guanzon and Canver are defendants united in interest, and just as the Statute of Limitations period *37 for defendants united in interest is related back to the time that the original pleadings were interposed (CPLR 203 [b]), the same must be said of the application of CPLR 4545. (Cf., Beck v Albany Med. Ctr. Hosp., 191 AD2d 854; Cagatay v Caledonian Hosp., 133 AD2d 660 [addressing application of CPLR 3101 (d) in similar circumstances].) This would be especially true in the present context where to conclude the opposite might result in the employer being liable for a larger judgment (one not adjusted by CPLR 4545) than those employees through whom the employer incurred the resulting vicarious liability. However, this issue is moot in view of the court’s previous findings.
In conclusion, the court finds that the defendants have not sustained their burden of proof and the motion to reduce plaintiffs award pursuant to CPLR 4545 (a) is denied.