■ JOHN RUTLEDGE et al., Respondents, v PETROCELLI ELECTRICAL Co., INC., et al., Appellants. [765 NYS2d 243] —Order, Supreme Court, New York County (Milton Tingling, J.), entered August 16, 2002, which, in an action for personal injuries, denied defendants' motion to preclude the testimony of plaintiffs' economist and to dismiss plaintiffs' claims for past and future lost earnings, unanimously modified, on the law and the facts, to direct plaintiffs, within 30 days of service of a copy of this order, to provide further disclosure of the grounds for their economist's opinions as to their past and future lost earnings and fringe benefits, work-life expectancy and growth rate for wages, in accordance with the decision herein, and otherwise affirmed, without costs.

Although the bases for plaintiffs' economist's opinions are not adequately set forth in the disclosure statement, preclusion of his trial testimony is too drastic a remedy, at least at this stage of the proceeding (*see Busse v Clark Equip. Co.*, 182 AD2d 525 [1992]; *Rook v 60 Key Centre*, 239 AD2d 926 [1997]). Accordingly, we give plaintiffs a second chance to explain how, for example, their economist can base an opinion on "reported earnings of [the injured plaintiff] on his W-2 forms of $125,006," when plaintiffs' tax returns included in the record for years prior to the accident show virtually no earnings whatsoever. The disclosure statement should also indicate the extent to

which the economist bases his opinion on the income the injured plaintiff expects to realize from the book he wrote, his only disclosed employment beginning three years prior to the accident, and provide further details as to work-life expectancy, growth rate for wages and fringe benefits. Concur—Buckley, P.J., Tom, Ellerin, Marlow and Gonzalez, JJ.