Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered August 3, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that she slipped and fell on an interior staircase while descending from the fifth to the fourth floor, because the stairs were wet from water that leaked from a skylight over the stairs when it rained, and were slippery from improper waxing. In support of their motion for summary judgment, defendants failed to establish absence of constructive notice of the wet condition since they did not offer specific evidence as to their activities on the day of the accident, including evidence indicating the last time the fifth floor staircase, landing or skylight was inspected or maintained before plaintiff fell (see Cater v Double Down Realty Corp., 101 AD3d 506 [1st Dept 2012]; Moser v BP/CG Ctr. 7, LLC, 56 AD3d 323 [1st Dept 2008]). With regard to whether there was a dangerous wax condition, issues of credibility exist which cannot be resolved on a motion for summary judgment (see Santos v Temco Serv. Indus., 295 AD2d 218, 218-219 [1st Dept 2002]).
In any event, plaintiff raised an issue of fact as to whether defendants had notice of an “ongoing and recurring dangerous condition exist [ing] in the area of the accident which was routinely left unaddressed by the landlord” (David v New York City Hous. Auth., 284 AD2d 169, 171 [1st Dept 2001]; see Santiago v JP Morgan Chase & Co., 96 AD3d 642 [1st Dept 2012]).
We note that the affidavit of plaintiffs sister, Angela Bernal, should have been considered by the motion court, since her name and address had been previously made known to defendants by plaintiff at her deposition (see Sadler v Brown, 108 AD2d 739, 740 [2d Dept 1985]). Concur — Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.